# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>    *Plaintiff,*<br><br>v.<br><br>TICKET WIPER CORP.,<br><br>    *Defendant.* | Case No. 1:24-cv-08079 |

## ANSWER

Defendant Ticket Wiper Corp. ("Defendant"), for and as its Answer to the Complaint filed by Plaintiff Christopher Sadowski ("Plaintiff") (ECF. No. 1), answers and alleges as follows:

## THE PARTIES

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2. Admitted.

## JURISDICTION AND VENUE

3. Denied.

4. Denied.

5. Denied.

## FACTS

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, as the terms and facts alleged are not clearly defined or are ambiguous. Therefore, Defendant denies the allegations in Paragraph 15 at this time.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, as the terms and facts alleged are

not clearly defined or are ambiguous. Therefore, Defendant denies the allegations in Paragraph 16 at this time.

17. Denied

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, as the terms and facts alleged are not clearly defined or are ambiguous. Therefore, Defendant denies the allegations in Paragraph 23 at this time.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

## **COUNT I – COPYRIGHT INFRINGEMENT**

25. Defendant incorporates its responses to paragraphs 1 through 24 as set forth above.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint. Defendants deny all allegations, declarations, claims or assertions in the Complaint that are not specifically admitted in this Answer.

## DEFENSES

By alleging the separate and additional defenses set forth below, Defendant is not in any way agreeing or conceding that they have the burden of proof or the burden of persuasion on any of these issues.

## FIRST DEFENSE: ABUSE OF THE LEGAL SYSTEM

Defendant asserts that Plaintiff, alongside its counsel, have engaged in a pattern of systematic abuse of the legal system. This abuse is evidenced by the repeated and notorious use of litigation not as a means to remediate any actual or substantial harm, but rather as a mechanism for profit and personal gain. They opt to leverage legal threats and actions as a business strategy, thereby undermining the integrity of the legal system. Defendant contends that such conduct constitutes an abuse of the law, and the court should recognize this defense as a bar to Plaintiff's claims.

## SECOND DEFENSE: PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

Defendant asserts that Plaintiff's claims are barred by the applicable statute of limitations under 17 U.S.C. § 507(b). The statute of limitations for copyright infringement is three years from the date the claim accrued. In this case, the alleged infringement is stated to have occurred in 2020, which is more than three years before the filing of this lawsuit.

Furthermore, Plaintiff is known to actively monitor and enforce its rights regarding its copyrighted images. Given Plaintiff's established pattern of vigilant oversight and frequent litigation to protect its intellectual property, Plaintiff either knew or should have known about the alleged infringement shortly after it occurred in 2020. Despite this, Plaintiff failed to take timely action within the statutory period.

As a result, any claims related to the alleged infringement are time-barred.

## THIRD DEFENSE: FAIR USE AND DE MINIMUS

Defendant asserts that the alleged use of Plaintiff's copyrighted material constitutes both fair use and de minimis use under the law, and therefore does not infringe upon Plaintiff's copyright.

## FOURTH DEFENSE: INVALID COPYRIGHT REGISTRATION

Defendant asserts that Plaintiff's claims of copyright infringement are barred because the copyright registration in question is invalid. Under the Copyright Act, a valid copyright registration is a prerequisite for filing a lawsuit for copyright infringement. In this case, the copyright registration alleged by the Plaintiff is invalid for the following reasons:

- Inaccurate or Misleading Information
- Failure to Comply with Copyright Office Requirements

- Lack of Originality, and
- Fraud on the Copyright Office

**FIFTH DEFENSE: LACK OF KNOWLEDGE AND INTENT**

With respect to Plaintiff's claim for removal of copyright management information, any such removal or alteration was not done intentionally and knowingly and/or was not undertaken in support of any infringement of the photograph at issue.

**SIXTH DEFENSE: INNOCENT INTENT**

To the extent the Court finds any infringement or other wrongful conduct by Defendant, Defendant is entitled to a reduction of damages based on its innocent intent, including reductions in any statutory damages if so elected by Plaintiff.

**SEVENTH DEFENSE**

Plaintiff's losses, if any, are limited to actual damages.

**EIGHTH DEFENSE**

Plaintiff's request for injunctive relief is barred by the lack of any irreparable harm from the purported conduct by Defendant.

**ADDITIONAL DEFENSES**

Defendant hereby gives notice that, due to their incomplete knowledge as to the matters set forth in the Complaint, they are unable to determine whether they have additional defenses not expressly enumerated in the preceding paragraphs or elsewhere in this Answer. Defendant thus reserves their right to amend their Answer to assert additional defenses and to rely upon those additional defenses to the extent they become available or apparent during discovery or further proceedings in this action.

## JURY DEMAND

Defendant, pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury on all issues so triable.

Dated: Washington, DC
       February 11, 2025

                                    Aaron M. Arce Stark
                                    STARK.LAW LLC
                                    1701 Rhode Island Avenue NW
                                    Washington, D.C. 20009
                                    Telephone: (202) 643-1773
                                    aaron@stark.law

                                    *Attorney for the Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2025, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

                                                Aaron M. Arce Stark, Attorney